**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

Mathew Byrd

   v.                                                         Case No. 23-cv-154-LM

Warden, FCI Berlin

**REPORT AND RECOMMENDATION**

Petitioner, Mathew Byrd, a prisoner at the Federal Correctional Institution in Berlin, New Hampshire ("FCI Berlin"), has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. No. 1). The petition is before this court for preliminary review. See 28 U.S.C. § 2243; Rule 4 of the Rules Governing Section 2254 Cases ("§ 2254 Rules"); LR 4.3(d)(4)(A); see also § 2254 Rule 1(b) (§ 2254 Rules may apply to § 2241 petitions).

**§ 2254 Rule 4 Standard**

Pursuant to § 2254 Rule 4, a federal judge must screen § 2241 petitions and, if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." Id.; see also 28 U.S.C. § 2243; McFarland v. Scott, 512 U.S. 849, 856 (1994) (courts "are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). The court, in this context, may consider the records of prior judicial proceedings, to the extent that those proceedings have relevance to the matters

before the court and are the proper subject of judicial notice. See Rezk v. New Hampshire, No. 18-cv-1247-PB, 2019 U.S. Dist. LEXIS 192851, at *2 n.1, 2019 WL 5790015, at *1 n.1 (D.N.H. Sept. 26, 2019), R&R approved, 2019 U.S. Dist. LEXIS 192495, 2019 WL 5789365 (D.N.H. Nov. 6, 2019); see also Sanders v. Radtke, 48 F.4th 502, 510 (7th Cir. 2022) (taking judicial notice of state court docket in reviewing dismissal of petition under § 2254 Rule 4); Kowalski v. Gagne, 914 F.2d 299, 305 (1st Cir. 1990) ("It is well-accepted that federal courts may take judicial notice of proceedings in other courts if those proceedings have relevance to the matters at hand."). In conducting its § 2254 Rule 4 review, the court construes pro se filings liberally. See Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008).

## Background

Mr. Byrd was convicted, upon a plea of guilty, of distribution of heroin in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm in furtherance of a drug trafficking crime (i.e., heroin distribution), in violation of 18 U.S.C. § 924(c)(1)(A). United States v. Byrd, 838 F. App'x 762, 763 (4th Cir.) ("Byrd I"), cert. denied, 141 S. Ct. 2549 (2021). His conviction and sentence were affirmed on direct appeal. See id.

The Federal Bureau of Prisons ("BOP") has deemed petitioner to be ineligible to earn or apply time credits to his sentence under the First Step Act ("FSA") based on his 924(c) conviction. Mr. Byrd

2

maintains, however, that the facts and circumstances of his § 924(c)(1)(A) conviction, the evidence that he did not carry the gun in connection with the controlled buys underlying his conviction, and what he considers to be the lack of evidence that his possession of the firearm was related to drug trafficking, preclude the BOP from finding that his conviction disqualifies him from earning FSA time credits.[1]

## Discussion

The portion of the FSA listing the offenses that disqualify a prisoner from earning FSA time credits, see 18 U.S.C. § 3632(d)(4)(D), provides, in pertinent part:

> (D) **Ineligible Prisoners**. A prisoner is ineligible to receive time credits under this paragraph if the prisoner is serving a sentence for a conviction under any of the following provisions of law:
>
>    . . . .
>
>    (xxii) Section 924(c) [18 U.S.C. § 924(c)], relating to unlawful possession or use of a firearm during and in relation to any crime of violence or drug trafficking crime.
>
>    . . . .

---

[1] The petition (Doc. No. 1) also states that in his most recent FSA risk assessment, Mr. Byrd was deemed to be a "medium" risk prisoner. Mr. Byrd asserts that he will be deemed to be a "low" risk prisoner in his next case management meeting or risk assessment. This court expresses no opinion at this time as to whether Mr. Byrd's risk status might provide an independent basis for denying his § 2241 petition.

Id. § 3632(d)(4)(D)(xxii).  The relevant BOP regulations state that "[i]f the inmate is serving a term of imprisonment for an offense specified in 18 U.S.C. § 3632(d)(4)(D), the inmate is not eligible to earn FSA Time Credits."  28 C.F.R. § 523.41(d)(2).

Mr. Byrd was convicted of possession of a firearm in furtherance of a drug trafficking crime, in violation of § 924(c)(1)(A).  See Byrd I, 838 F. App'x at 763.  The judgment in Mr. Byrd's criminal case, as well as the outcome of his post-conviction proceedings, undermine his claims for relief in this proceeding.  In litigating his § 2255 motion in his criminal case, the petitioner specifically argued that his plea of guilty to the § 924(c) offense lacked a factual basis.  See Byrd v. United States, No. 3:19-CR-00080, 2022 U.S. Dist. LEXIS 178911, at *6, 2022 WL 4594560, at *4 (S.D.W. Va. Sept. 30, 2022) ("Byrd II"), appeal docketed, No. 22-7227 (4th Cir. Oct. 24, 2022).  The district court considering his § 2255 motion rejected that claim, upon determining that, in his plea colloquy, Mr. Byrd had given "sworn responses to the Court indicating that he understood the charges to which he was pleading" and had "admitted a sufficient factual basis for his plea on the record."  Byrd II, 2022 U.S. Dist. LEXIS 178911, at *10, 2022 WL 4594560, at *4.  In addition, the Byrd II court concluded that, during the plea colloquy, the court had "ensured that an underlying factual basis existed to support the proposition that the firearm 'furthered, advanced, or helped forward' Mr. Byrd's drug offense."  Id., 2022 U.S. Dist. LEXIS 178911, at *13, 2022 WL 4594560, at *4-5.

4

Mr. Byrd's claims here regarding the nature of his § 924(c) conviction and the evidence upon which it was based are inconsistent with the judgment in his criminal case and the outcome of his direct appeal and post-conviction proceedings. His § 2241 petition in this court, challenging the BOP's execution of his sentence, cannot provide him with an opportunity to revisit or repudiate the findings of fact and conclusions of law in those proceedings, regarding the nature of his conviction and the factual basis for his plea.[2]

Mr. Byrd is not entitled to any relief on his § 2241 petition at this time because the BOP has reasonably and correctly concluded that he is serving a sentence for possession of a firearm in furtherance drug trafficking in violation of 18 U.S.C. § 924(c)(1), which disqualifies him from earning or applying any FSA time credits. See 18 U.S.C. § 3632(d)(4)(D)(xxii). Accordingly, the district judge should dismiss the petition and direct the clerk's office to enter judgment and close the case.

## Conclusion

For the foregoing reasons, the district judge should dismiss the petition and direct the clerk's office to enter judgment and

---

[2] An appeal in Mr. Byrd's § 2255 proceeding remains pending. See Byrd v. United States, No. 22-7227 (4th Cir., appeal docketed Oct. 24, 2022). But see Oct. 25, 2022 Order, Byrd II (ECF No. 218) (declining to issue certificate of appealability). This court will not speculate as to whether Mr. Byrd's appeal could result in an order vacating his § 924(c) conviction, or as to whether the BOP should recalculate his sentence, if his conviction were vacated.

5

close the case. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. The objection period may be extended upon motion. Failure to file any objection within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016). Only those issues raised in the written objections "'are subject to review in the district court,'" and any issues "'not preserved by such objection are precluded on appeal.'" Id. (citations omitted).

                                                  _____
                                                  Andrea K. Johnstone
                                                  United States Magistrate Judge

February 28, 2023

cc:  Mathew Byrd, pro se